**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



|  |  |
|---|---|
| MICHAEL DRESCHER, | No. 12-55385 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-06854-PSG-PLA |
| v. | |
| BABY IT'S YOU, LLC; FLOYD MUTRUX; NORTHERN LIGHTS, INC.; JONATHAN SANGER; and JONCAR PRODUCTIONS INC., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted November 7, 2013[**]
Pasadena, California

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

Plaintiff Michael Drescher appeals the district court's enforcement of a

settlement agreement resolving his claims against Defendants Baby It's You, LLC,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Floyd Mutrux, Northern Lights, Inc., Jonathan Sanger, and Joncar Productions, Inc. Whether we review the court's enforcement for abuse of discretion, <u>Doi v. Halekulani Corp.</u>, 276 F.3d 1131, 1136 (9th Cir. 2002), or de novo, <u>Congregation Etz Chaim v. City of Los Angeles</u>, 371 F.3d 1122, 1124 (9th Cir. 2004), we affirm.

1. The parties entered into a binding settlement agreement when, at a settlement conference before a magistrate judge, they expressly agreed to settle, stated the terms of the agreement on the record, and agreed with those terms. <u>Doi</u>, 276 F.3d at 1137–39.

2. The district court properly looked to extrinsic evidence to interpret whether the parties (1) intended the two separate revenue streams to run <u>concurrently</u> or <u>successively</u> and (2) intended Defendant Mutrux to state his <u>future and current interest</u> in the plays or his <u>current interest only</u>. <u>See</u> <u>Wolf v. Walt Disney Pictures & Television</u>, 76 Cal. Rptr. 3d 585, 608 (Ct. App. 2008) (holding that, in interpreting a contract, a court may provisionally review extrinsic evidence). The court permissibly held that, looking in part to the extrinsic evidence, the written settlement agreement correctly recorded that the revenue streams run successively and that Defendant Mutrux must state his current interest only. After reviewing the proposed written settlement agreement, Plaintiff objected solely on an unrelated ground. Despite several opportunities to do so,

including during a hearing in front of a United States Magistrate Judge, Plaintiff did not raise the two objections noted above until, weeks later, he learned that his original objection had no legal support. The district court properly concluded that Plaintiff's initial failure to object on those grounds was evidence of his original intent. Cf. Kennecott Corp. v. Union Oil Co. of Cal., 242 Cal. Rptr. 403, 410 (Ct. App. 1987) ("The conduct of the parties after execution of the contract and before any controversy has arisen as to its effect affords the most reliable evidence of the parties' intentions.").

3. On appeal, Plaintiff raises further objections for the first time. Those objections are waived. See O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1063 n.3 (9th Cir. 2007) (holding that arguments not raised before the district court generally are waived).

**AFFIRMED.**